## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 20 2015, 9:44 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Barbara J. Simmons
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Brian Reitz
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Amber Mobley, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | April 20, 2015 <br><br> Court of Appeals Cause No. 49A02-1409-CR-611 <br><br> Appeal from the Marion Superior Court <br> Cause No. 49F08-1405-CM-28061 <br><br> The Honorable Amy Jones, Judge <br> The Honorable Cheryl Maman-Rivera, Pro Tem |

**Barnes, Judge.**

# Case Summary

Amber Mobley appeals her conviction and sentence for Class B misdemeanor criminal mischief. We affirm.

# Issues

Mobley raises two issues, which we restate as:

> I.     whether there is sufficient evidence to support her conviction; and
>
> II.    whether the trial court properly ordered her to pay restitution.

# Facts

In May 2014, Mobley and her children were staying with Lindsi Heaton at Heaton's home in Marion County. Heaton and Mobley got into an argument, and Heaton asked Mobley and her family to leave. During the argument, the windshield of Heaton's car was smashed. When Officer Jose Navarro of the Indianapolis Metropolitan Police Department arrived on the scene, Mobley admitted that she broke the windshield.

Mobley was charged with Class A misdemeanor criminal mischief. Following a bench trial, Mobley was convicted of Class B misdemeanor criminal mischief. The trial court sentenced her to 180 days with 176 executed and credit for time served for the remaining days. The trial court also sentenced Mobley to non-reporting probation until she paid restitution in the amount of $192.15. Mobley now appeals.

# Analysis

## I. Sufficiency of the Evidence

Mobley argues that there is insufficient evidence that she broke the windshield. When reviewing a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor assess the credibility of witnesses. *Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012). We view the evidence—even if conflicting—and all reasonable inferences drawn from it in a light most favorable to the conviction and affirm if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id.*

Mobley contends that her seven-year-old daughter used a brick to break the windshield and that she took the blame for her daughter's actions. However, Heaton testified that the children had already left the premises when the windshield was broken and that she saw Mobley do it. This is consistent with Officer Navarro's testimony that he did not see any children when he arrived and that he "did not see anything laying around the car area." Tr. p. 26. Moreover, Mobley told Officer Navarro that she "smashed the windshield; it is what it is and I can't change it now[.]" *Id.* at 15. Mobley's attempt to shift the blame to her daughter is a request to reweigh the evidence and witness credibility. We must deny this request. There is sufficient evidence to support the conviction.

## II. Restitution

[7] Mobley argues that there is insufficient evidence to support the trial court's restitution order. "A restitution order must be supported by sufficient evidence of actual loss sustained by the victim or victims of a crime." *Rich v. State*, 890 N.E.2d 44, 49 (Ind. Ct. App. 2008), *trans. denied*. The amount of actual loss is a factual matter that can be determined only upon the presentation of evidence, and a trial court's order of restitution is reviewed for an abuse of discretion. *Id.* We will affirm the trial court's order if it is supported by sufficient evidence. *Id.*

[8] Mobley contends there was no evidence of Heaton's actual loss other than her unsupported estimate. Mobley relies on *J.H. v. State*, 950 N.E.2d 731, 734 (Ind. Ct. App. 2011), in which we reversed a restitution order based solely on a piece of paper with a dollar amount on it given to the prosecutor by the victim. We concluded:

> Neither of the purported estimates was placed into evidence and neither is available for our review, so we cannot determine whether the dollar amounts were listed on papers containing any information, such as a letterhead, which would show the court that the paper came from a legitimate business. Furthermore, neither "estimate" showed the cost of labor and materials.

*J.H.*, 950 N.E.2d at 734.

[9] Here, however, Heaton testified at the sentencing hearing that she had gotten a couple of estimates to get her windshield fixed and that they were "$200.00 give or take maybe depending on where I went and if they had to come out to me or if I had to go to them." Tr. p. 31. Moreover, two written estimates were

admitted into evidence in support of the restitution request. Both included business names, addresses, and phone numbers. Both included the parts needed and the adhesive to be used. One was for $192.15 and the other was for $202.63, and the trial court specifically chose the lower of the two estimates. We must conclude that this case is distinguishable from *J.H.* and that there is sufficient evidence from which the trial court could determine Heaton's actual loss.

## Conclusion

There is sufficient evidence to support Mobley's conviction for Class B misdemeanor criminal mischief, and there was evidence of Heaton's actual loss so as to support the restitution order. We affirm.

Affirmed.

Riley, J., and Bailey, J., concur.